ROBERTS, Justice
(dissenting).
The appellant was indicted for rape, was tried on the charge and convicted by the jury without recommendation of mercy. He has appealed from the judgment of conviction.
The victim of the attack was a 20-year-old married mother of two infant children, whose husband, a dairy employee, customarily left the home at around 2:00 or 2:30 a. m., to assume his duties at the dairy. It is admitted that the appellant entered the home at around 5:00 a. m., brutally assaulted the prosecuting witness and inflicted numerous wounds upon her, including one to her mouth which required six stitches to close. According to the testimony of an investigating officer, the appellant admitted that he intended to rape her but said that he got scared and “jumped up off her and left,” after struggling with her for several minutes. The prosecuting witness immediately took up her two children and fled across the street to *751 her neighbor’s home where she spread the alarm that she had been attacked. The' appellant was apprehended later that day and identified by the prosecuting witness as her assailant.
On the day of the attack the prosecuting witness stated to the authorities and to the doctor who examined her that the appellant had attacked her and had a discharge but had failed in his efforts to penetrate her. Four days later she changed her story and told the authorities that the appellant had actually penetrated her on the night of the assault. She so testified at the trial. The principal contention of the appellant on this appeal is that the two contradictory statements of the prosecuting witness as to penetration make her testimony at the trial unworthy of belief and, this being so, the evidence was insufficient to support a verdict finding him guilty of rape. This contention is untenable under the authority of McKee v. State, 1947, 159 Fla. 794, 33 So.2d 50, 51.
In that case, the facts were substantially similar to the facts in the instant case and, in addition, the prosecuting witness refused to have a medical examination following the assault. In affirming the judgment convicting the accused of rape, this court said:
“ * * * The fact of rape brands a woman with a mark that is extremely humiliating and impossible to efface and being so, she is not called on to look up a doctor and submit to an examination for the purpose of verifying her verbal testimony to the act. The result of such an examination would be nothing more than cumulative evidence and the victim of such an assault is not called on to humiliate herself for that purpose. Neither should the fact that she did not do so militate against her. Likewise the fact that she is alleged to have told two different stories about the incident does not necessarily affect the probative value of her evidence. Her stories were not conflicting and she. gave a perfectly logical explanation for the two versions. Any woman of refined virtue would be abashed to announce that she had been raped and for that reason is not called on to simulate the marks incident to such a report. . Even if her stories were in conflict, it was one for the jury to resolve and unless it is conclusively shown that they applied a wrong rule of law to it, this court is without power to interfere with their findings.”
It is true that, in McKee v. State, supra, the jury recommended mercy and that they did not do so in this case. But we find little reason for extending mercy to the appellant here. When he entered the home of a 20-year-old mother with two infant babies, mercilessly beat and mutilated her and, by his own admission, knocked her down and got on top of her and satisfied himself, he was not extending mercy and the jury was completely justified in declining to extend mercy to him. The jury had the right to believe the testimony as to penetration given by the prosecuting witness on the stand. McKee v. State, supra. The cause was submitted to the jury under instructions that properly stated the law applicable to the evidence adduced and to which no objections are here made. The penalty for rape is prescribed by law.
No error having been made to appear, the judgment here reviewed should be affirmed and I must therefore dissent from the majority opinion and judgment of reversal.
TERRELL, C. J., concurs.